Electronically Issued
10/6/2020 5:33 PM

SUMM

MADDOX & CISNEROS, LLP
An Association of Professional Corporations
3230 S. Buffalo Drive, Suite 108
Las Vegas, Nevada 89117

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

MELANIE HAWKINS, an individual,

Plaintiff,

vs.

AMERICAN RED CROSS, a foreign non-profit entity; AMERICAN RED CROSS BLOOD SERVICES, a Nevada non-profit entity, DOE CORPORATIONS 1-40, inclusive; and ROE INDIVIDUALS 1-40, inclusive, including but not limited to ROE PHLEBOTOMISTS 1-10,

Defendants.

CASE NO.: A-20-816850-C
DEPT NO.: VI

**SUMMONS**
**(American Red Cross)**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded

in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

STEVEN D. GRIERSON
CLERK OF THE COURT

Issued at the direction of:

By:____________________________________
Norberto J. Cisneros, Esq., Bar No. 8782
Barbara McDonald, Esq., Bar No. 11651
MADDOX & CISNEROS, LLP
3230 S. Buffalo Drive, Suite 108
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*

By:______________________________ 10/7/2020
**Deputy Clerk** Date
Laurie Williams
County Courthouse
200 Lewis Avenue
Las Vegas, Nevada 89101

MADDOX &CISNEROS, LLP
An Association of Professional Corporations
3230 S. Buffalo Drive, Suite 108
Las Vegas, Nevada 89117

Electronically Filed
6/19/2020 1:52 PM
Steven D. Grierson
CLERK OF THE COURT

Troy L. Isaacson, Esq., NV Bar No. 6690
Norberto J. Cisneros, Esq., NV Bar No. 8782
Barbara M. McDonald, Esq., NV Bar No. 11651
**MADDOX | ISAACSON | CISNEROS LLP**
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141
Telephone: (702) 366-1900
Facsimile: (702) 366-1999

Gary D. Thompson, Esq., NV Bar No. 5801
**LAW OFFICE OF GARY D. THOMPSON, ESQ.**
203 S. Water Street, Suite 312
Henderson, Nevada 89015
Telephone: (702) 383-6040
Facsimile: (702) 383-6048
*Attorneys for Plaintiff*

CASE NO: A-20-816850-C
Department 6

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MELANIE HAWKINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN RED CROSS, a foreign non-profit entity; AMERICAN RED CROSS BLOOD SERVICES, a Nevada non-profit entity, DOE CORPORATIONS 1-40, inclusive; and ROE INDIVIDUALS 1-40, inclusive, including but not limited to ROE PHLEBOTOMISTS 1-10,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Arbitration Exemptions Claimed:**<br>**1. Medical Malpractice**<br>**2. Damages exceeding 50,000.00** |

COMES NOW PLAINTIFF, MELANIE HAWKINS, by and through her counsel, Maddox | Isaacson | Cisneros, LLP, and alleges and brings claims against DEFENDANTS as follows:

**PARTIES**

1. At all times relevant herein, PLAINTIFF is a resident of Las Vegas, Clark County, Nevada. At the time of the subject incident, PLAINTIFF was known as Melanie Myers.

///

///

2. Upon information and belief, Defendant AMERICAN RED CROSS is a foreign non-profit entity, duly licensed in the State of Nevada, and conducting business in Las Vegas, Nevada.

3. Defendant AMERICAN RED CROSS BLOOD SERVICES is a Nevada non-profit entity, duly licensed in the State of Nevada, and conducting business in Las Vegas, Nevada.

4. Defendants DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, are individuals, associations, corporations, partnerships or other entities who are owners, controllers, partners, in association with DEFENDANTS, and may have in some way caused or contributed to PLAINTIFF'S damages as herein alleged. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, are unknown to PLAINTIFF. PLAINTIFF alleges each Defendant designated herein as a DOE and/or ROE was responsible in some manner for the events and happenings referred to in this Complaint and negligently caused injury and damages to PLAINTIFF. PLAINTIFF will ask leave of Court to amend this Complaint to insert the true names and capacities of Defendants DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, to include those true names and charging allegations when they are ascertained.

5. DEFENDANTS are agents, servants, employees, employers, trade venturers, partners and/or family members of each other. At the time of the incident described in this Complaint, Defendants were acting within the color, purpose and scope of their relationships, and by reason of their relationships, DEFENDANTS may be jointly and severally and/or vicariously responsible and liable for the acts and omissions of their co-Defendants.

## JURISDICTION AND VENUE

6. This action is within the jurisdictional limits of this Court, and this venue is appropriate, because PLAINTIFF received medical treatment from DEFENDANTS in Clark County, Nevada.

7. Venue and jurisdiction are proper in this judicial district because DEFENDANTS conduct business in Clark County, Nevada.

///

///

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

## GENERAL ALLEGATIONS

8. On June 20, 2019, PLAINTIFF volunteered to give blood at DEFENDANTS' blood drive event held in an American Red Cross RV trailer parked in the parking lot located at 6061 S. Fort Apache Road, Las Vegas, Nevada, 89149.

9. PLAINTIFF arrived approximately 10 minutes prior to her scheduled donation time but was told DEFENDANTS were running behind and was instructed to wait outside the donation bus in the parking lot with a group of people, also waiting for their turn to donate blood.

10. PLAINTIFF waited outside the donation bus, in the uncovered parking lot in 100-degree sun for approximately 20-30 minutes before being called onto the donation bus.

11. Once on the bus, PLAINTIFF entered a small room and a brief medical history, brief physical and paperwork were completed, after which she was taken to start the blood donation.

12. PLAINTIFF was seated in the donation chair and offered a bottle of water, which she accepted.

13. Immediately following PLAINTIFF'S blood donation, DEFENDANTS' personnel removed the needle from PLAINTIFF'S arm, packaged the blood bag and said she was "free to go."

14. When PLAINTIFF stood up, she commented that she was feeling light-headed. The only response she got was that she was free to take a drink from the cooler at the end of the RV as she left. Since she was hoping that doing so would help, and having been offered no other alternative, she grabbed a cranberry juice and exited the RV.

15. There were three phlebotomists working the blood drive and were the only DEFENDANTS' personnel present.

16. There were people coming and going from the RV and a line of people waiting, and PLAINTIFF was not offered a place to recover and left the RV. She had every intention of sitting and resting, possibly having a cookie or drink of juice, to normalize her system prior to continuing to her car to leave. Unfortunately, there was no place for her to sit and she was rushed out of the RV trailer to make room for other donors.

17. Upon information and belief, the organizers of the blood drive, with full knowledge of DEFENDANT'S, set a blood drive goal. Thus, donors were rushed, including PLAINTTIFF, through the blood donation process.

///

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

18. As is noted in the pamphlet provided by the American Red Cross to donors, it is clearly noted under the section entitled *Information for Blood Donors*:

After you give blood,

*Please stay in the recovery area for approximately 15 minutes to eat and drink.*

19. The pamphlet goes on to state that fainting can occur.

20. PLAINTIFF was never offered the option to stay in the recovery area for approximately 15 minutes; and there were no chairs, benches, or shaded area to sit in the very hot sun.

21. After PLAINTIFF left the bus, she attempted to proceed directly to her car. She immediately felt anxious, nauseated and dizzy. PLAINTIFF felt that if she could get in to her car and sit with the air conditioner on and drink the juice, she would feel better. However, as she attempted to get her keys out to open her car door, she felt everything go black and she passed out. She fell backwards, hitting her head on her car side mirror on her way down and then impacted hard with the pavement.

22. PLAINTIFF lost consciousness.

23. As PLAINTIFF woke, she felt hysterical and started crying and yelling for help. There were two men in the parking lot that heard her cries and came to assist. They helped her to her feet and took her into an office where they laid her down in a conference room and elevated her feet on a chair.

24. An employee of DEFENDANTS' was summoned from the RV and took her blood pressure.

25. PLAINTIFF was taken to the Dignity Health Emerus-Flamingo Medical Center; ecchymosis to the back of her head was noted, and she was diagnosed with a closed head injury and concussion.

26. PLAINTIFF continues to have adverse effects from her fall following her donation of blood; some of her recurring symptoms include decreased smell and taste, migraines, and dizzy spells.

**FIRST CLAIM FOR RELIEF**

(Negligence, against EACH AND EVERY DEFENDANT)

27. PLAINTIFF repeats, re-alleges and incorporates by reference herein all preceding paragraphs as though fully set forth herein.

///

28. PLAINTIFF sought care from DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, who undertook the duty and responsibility to do all things necessary and proper in connection with their care and treatment of PLAINTIFF.

29. DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, owed PLAINTIFF a duty to exercise reasonable care.

30. DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, breached their duty of care owed to PLAINTIFF.

31. As a direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, PLAINTIFF suffered unnecessary pain and discomfort, all to PLAINTIFF'S damage. In addition, PLAINTIFF incurred medical and related expenses, all to PLAINTIFF'S damage in an amount to be proven at trial.

32. As a further direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, PLAINTIFF suffered wage loss, all to PLAINTIFF'S damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

33. As a further direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, PLAINTIFF suffered mental and emotional injuries, all to PLAINTIFF'S damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

34. As a further direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, PLAINTIFF underwent pain, mental suffering and anguish, all to the damage of PLAINTIFF, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

35. As a further direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, PLAINTIFF incurred, and will continue to incur, attorney's fees and court costs in an amount to be proven at trial.

///

///

///

///

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

**SECOND CLAIM FOR RELIEF**
(Professional Negligence, NRS §§ 41A.003 – 41A.120
against EACH AND EVERY DEFENDANT)

36. PLAINTIFF repeats, re-alleges and incorporates by reference herein all preceding paragraphs as though fully set forth herein.

37. PLAINTIFF sought medical care from DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, who undertook the duty and responsibility to do all things necessary and proper in connection with their professional care and treatment of PLAINTIFF.

38. DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, held themselves out to possess the degree of skill, ability, and learning common to a provider of health care.

39. DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, held themselves out to possess the degree of skill, ability, and learning common to a professionally licensed medical organization.

40. ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, held themselves out to possess the degree of skill, ability, and learning common to a professionally licensed nurse and/or phlebotomist.

41. DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, were negligent in their care and treatment of PLAINTIFF in various ways, including, but not limited to the following:

- Not providing a covered waiting area outside of the donation bus. The outside temperature was 100 degrees for PLAINTIFF while awaiting turn to donate blood.
- Not ensuring PLAINTIFF was safe to leave after she reported feeling weak and nauseous. No reassessment of her symptoms was completed.
- Not providing PLAINTIFF a safe, cool waiting area with chairs, after she completed her donation.

///

- Not requiring or encouraging PLAINTIFF to wait for 10-15 minutes after donation before leaving the donation site.
- Not providing a full assessment outside of a blood pressure after PLAINTIFF'S syncopal episode in the parking lot outside of DEFENDANTS' Donation Bus.

42. As a result of DEFENDANTS' breaches of standard of care, PLAINTIFF endured a preventable closed-head injury and concussion, post-concussion syndrome and decreased smell and taste, migraines, and dizzy spells.

43. As a result of DEFENDANTS' breaches of standard of care, PLAINTIFF endured a preventable closed-head injury and concussion, post-concussion syndrome and decreased smell and taste, migraines, and dizzy spells.

44. The events and conclusions hereof are further described in the Affidavit of Michelle Seiff, R.N., incorporated by reference herein and attached hereto as **Exhibit 1.**

45. As a direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, PLAINTIFF suffered unnecessary pain and discomfort, all to PLAINTIFF'S damage. In addition, PLAINTIFF incurred medical and related expenses, all to PLAINTIFF'S damage in an amount to be proven at trial.

46. As a further direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, PLAINTIFF suffered wage loss, all to PLAINTIFF'S damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

47. As a further direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, PLAINTIFF suffered mental and emotional injuries, all to PLAINTIFF'S damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

48. As a further direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, PLAINTIFF underwent pain, mental suffering and anguish, all to the damage of PLAINTIFF, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

///

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

49. As a further direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, including but not limited to ROE PHLEBOTOMISTS 1-10, inclusive, PLAINTIFF incurred, and will continue to incur, attorney's fees and court costs in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**

(Negligent Hiring, Training, and Supervision against EACH AND EVERY DEFENDANT)

50. PLAINTIFF repeats, re-alleges and incorporates by reference herein all preceding paragraphs as though fully set forth herein.

51. DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, owed PLAINTIFF a duty as employers to adequately investigate employees prior to hiring, to properly train employees, and to adequately supervise their employees in the performance of their jobs.

52. DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, breached that duty of care by failing to adequately train and supervise their employees in the performance of their jobs. Further, DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, failed by training and/or supervision to follow at least the minimum standard of care for the provision of medical/rehabilitative/residential treatment care.

53. The failure of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, to hire only qualified employees, properly train and/or supervise those employees proximately caused PLAINTIFF's injuries as alleged in this Complaint.

54. During the time PLAINTIFF was under the care of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, they were employees, servants, agents, and/or associates of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive.

55. DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, were acting in the purpose, course and scope of their employment with DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, at the time of the negligent acts alleged in this Complaint.

56. All of PLAINTIFF'S damages were the result of the negligent, careless and substandard care provided to PLAINTIFF by DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive.

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

57. DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, were acting within the course and scope of their employment with DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, who are vicariously liable for their negligent actions.

58. DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, are vicariously liable to the PLAINTIFF for their negligence under the Doctrine of Respondeat Superior, agency and apparent agency.

59. As a direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, PLAINTIFF suffered unnecessary pain and discomfort, all to PLAINTIFF'S damage. In addition, PLAINTIFF incurred medical and related expenses, all to PLAINTIFF'S damage in an amount to be proven at trial.

60. As a further direct and proximate result of the negligence of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, PLAINTIFF suffered wage loss, all to PLAINTIFF'S damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

61. As a further direct and proximate result of the conduct of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, PLAINTIFF suffered mental and emotional injuries, all to PLAINTIFF'S damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

62. As a further direct and proximate result of the conduct of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, PLAINTIFF underwent pain, mental suffering and anguish, all to the damage of PLAINTIFF, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

63. As a further direct and proximate result of the conduct of DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, PLAINTIFF incurred, and will continue to incur, attorney's fees and court costs in an amount to be proven at trial.

WHEREFORE PLAINTIFF prays for judgment against DEFENDANTS, DOE CORPORATIONS 1-40, inclusive, and ROE INDIVIDUALS 1-40, inclusive, as follows:

1. For special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

2. For general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

3. For reasonable attorney's fees in accordance with Nevada Revised Statues;

4. For costs of the suit and interest incurred herein; and

5. For such other and further relief as this Court may deem just and proper.

DATED this 19 day of June, 2020.

MADDOX | ISAACSON | CISNEROS LLP

By: [signature]

Troy L. Isaacson, Esq., NV Bar No. 6690
Norberto J. Cisneros, Esq., NV Bar No. 8782
Barbara McDonald, Esq., NV Bar No. 11651
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141

LAW OFFICE OF GARY D. THOMPSON, ESQ.
Gary D. Thompson, Esq., NV Bar No. 5801
203 S. Water Street, Suite 312
Henderson, Nevada 89015
Telephone: (702) 383-6040
Facsimile: (702) 383-6048
*Attorneys for Plaintiff*

MADDOX | ISAACSON | CISNEROS LLP
An Association of Professional Corporations
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141




DECLARATION

June 17, 2020

Re: Myers-Hawkins, Melanie

I have been a Registered Nurse for 12 years and am currently licensed in the State of Washington, my license is active and in good standing. My previous and current experience is in Geriatrics, Acute Care, Medical- Surgical, Cardiology, Orthopedics, Neurology, Home Care Nursing, and Wound Care in the acute, long term and home care settings.

I am familiar with the standards of care concerning the practice of nursing, phlebotomy and the care provided for Mrs. Myers-Hawkins at the DG Reality American Red Cross Blood Drive.

The opinions rendered in this report are specifically involving the care provided to Mrs. Myers-Hawkins at the DG Reality American Red Cross Blood Drive and care at Dignity Health Emerus-Flamingo Medical Center Emergency Department on June 20, 2019. I personally reviewed Mrs. Myers-Hawkins provided medical record from Dignity Health Emerus-Flamingo Medical Center.

I have reviewed Mrs. Myers-Hawkins's medical records supplied to me on June 11, 2020 and June 16, 2020 and completed an interview with Mrs. Myers-Hawkins on June 11, 2020. Below are the medical records I have reviewed.

- Dignity Health Emerus-Flamingo Medical Center: June 20, 2019
- Clinical Neurology Specialists: June 26, 2019-August 6, 2019
- Dr. Frederick Goll, III: September 26, 2019
- Dr. Jinli Ran, OMD: September 24, 2019

On June 20, 2019, Mrs. Myers-Hawkins volunteered to donate blood at an American Red Cross Donation Center. This donation event was being hosted by DG Realty Group in Las Vegas. The event was held in an American Red Cross Donation Bus in the parking lot outside the DG Realty office. Mrs. Myers-Hawkins arrived approximately 10 minutes prior to her scheduled donation time. She checked in at the donation bus and was directed to check in at the offices of DG Realty. While checking in she was told they were running behind and was instructed to wait outside the donation bus in the parking lot with a group of people, also waiting for their turn to donate blood. Mrs. Myers-Hawkins waited outside the donation bus, in the uncovered parking lot in the 100-degree sun. She waited approximately 20-30 minutes in the hot parking lot before being called onto the donation bus. Once on the bus she entered a small room and a brief medical history, brief physical and paperwork were completed. After the brief history and physical she was taken to start the blood donation. She was seated in the donation chair and offered a bottle of water, which she accepted. During the time of the donation, a manager from the DG Realty office "popped her head in," to see how she was doing. She recalls the manager wanting to take a video and pictures, including a selfie of her donating the blood. During the selfie, the manager leaned on the needle site where blood was being donated, which was painful. Once the donation was completed, the



320 SW Normandy Terrace • Normandy Park, WA 98166 • 206-200-6719 • msalegalnurse.com

needle was removed, the site bandaged, and she was told she was "free to go." The technician told her, "if you want something to drink, there is a cooler at the end of the bus." When she first stood up, she reported saying, "Whoo." She immediately felt nauseous and weak. She was not evaluated by the technician or told to sit until she was feeling better. She was not directed to sit or stay for any period of time and no seats were offered to her after her donation. She left as directed and took a cranberry juice to drink on the way to her car and her drive home. She reports there was no seating in the donation bus or seats in the parking lot for her to rest for any period of time before driving home. As she was walking across the parking lot to her car, she began feeling weaker and more nauseous. Her thoughts were to get to the car so she could sit in the air conditioning to hopefully feel better and safely drive home. Before she was able to unlock and enter her car she blacked out and fell straight back, directly hitting her head on the pavement of the parking lot, next to her car. She is unsure how long she was on the ground unconscious. When she "came to," she started crying uncontrollably and yelled for help. Two gentlemen from the Taco Stand came to help her. They lifted her up and helped her into the DG Realty office. In the DG Realty office, she remembers being laid down in the conference room and her feet being put up in a chair. Someone notified an American Red Cross employee, who took her blood pressure. She reported having a sudden urge to use the restroom to urinate. At that time, she was disoriented, had a headache, soreness of her back, neck and elbow and a "big knot on the back of my head." She was not taken by ambulance to the Emergency Department (ED), the owner of DG Realty drove her to the Dignity Health Emerus-Flamingo Medical Center.

She arrived at the Dignity Health Emerus-Flamingo Medical Center at approximately 1645 and was seen by Dr. Tawni Christensen. In the ED, Mrs. Myers-Hawkins endorsed, nausea, confusion, repetitive questions to her family and moderate headache. Dr. Christensen noted an area of ecchymosis to the back of her head. A Head CT without contrast was ordered. The Head CT showed not acute intercranial findings. Her discharge diagnosis was a closed head injury and concussion. Mrs. Myers-Hawkins was discharged at 1815 from ED to home with family.

Mrs. Myers-Hawkins reported feeling "foggy" for 10 days after the event. She continues to have adverse effects from her fall following her donation of blood. Some of her recurring symptoms include: decreased smell and taste, migraines and dizzy spells.

Based on my opinion, American Red Cross, through its nursing, laboratory, technical and bus staff, fell below the Standards of Care by:

- Not providing a covered waiting area outside of the donation bus. The outside temperature was 100-degrees for Mrs. Myers-Hawkins and other blood donors to wait safely while waiting for their turn to donate blood.
- Not ensuring Mrs. Myers-Hawkins was safe to leave after she reported feeling weak and nauseous. No reassessment of her symptoms was completed.
- Providing Mrs. Myers-Hawkins a safe, cool waiting area with chairs, after she completed her donation.
- Not requiring or encouraging donors to wait for 10-15 minutes after donation before leaving the donation site.
- Not providing a full assessment outside of a blood pressure after Mrs. Myer-Hawkins syncopal episode in the parking lot outside of the American Red Cross Donation Bus.

As a result of American Red Cross' breaches of the Standards of Care, Mrs. Myers-Hawkins endured a preventable closed head injury and concussion. This head injury has resulted in Post-Concussion Syndrome and decreased smell and taste, migraines and dizzy spells.

In conclusion, it is my opinion that the care rendered to Mrs. Myers-Hawkins at the American Red Cross Donation Center was below the Standards of Care as outlined in my opinion above. I hold these opinions to be true within a medical degree of certainty. I am reserving the right to review and amend my opinion based on any additional medical records, documents, depositions, or any other evidence that may be produced.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed on June 17, 2020.

Sincerely,

Michelle Sipes-Marvin, RN

Michelle Sipes-Marvin, RN

Electronically Filed
12/17/2020 3:59 PM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

**State of Nevada** **County of Clark** Clark County District Court

Case Number: A-20-816850-C

Plaintiff:
**MELANIE HAWKINS, an individual,**

vs.

Defendant:
**AMERICAN RED CROSS, a foreign non-profit entity; et al.,**

For:
Maddox, Isaacson & Cisneros, LLP
3230 South Buffalo Drive
Suite 108
Las Vegas, NV 89117

Received by Legal Express on the 15th day of December, 2020 at 3:19 pm to be served on **American Red Cross, 444 East Warm Springs Road, Suite 110, Las Vegas, NV 89119.**

I, John Nicholson, being duly sworn, depose and say that on the **16th day of December, 2020** at **10:49 am, I:**

**SERVED** by delivering a true copy of the **Summons, Complaint for Damages** to **Charles Tartadian** as **Manufacturing Supervisor**.

Said service was made at the address of: **444 East Warm Springs Road, Suite 110, Las Vegas, NV 89119.**

**Additional Information pertaining to this Service:**
12/16/2020 10:49 am Affiant made note that the individual served, Charles Tartadian, stated that he has been accepting service on behalf of the defendant entity. Tartadian further stated that he knows who handles legal documents within their organization and will make sure that individual receives the above stated documents.

Affiant is, and was, a citizen of the United States, over 18 years of age, and not a party to, nor interested in, the proceeding in which this affidavit is made.

State of Nevada. County of Clark
SIGNED and SWORN TO before me on the 17 day of Dec, 2020 by the affiant who is personally known to me. and produced ID by John Eldon Nicholson

Marcia Durso
NOTARY PUBLIC

MARCIA DURSO
Notary Public - State of Nevada
County of Clark
APPT. NO. 19-3725-01 AMENDED
My App. Expires Jan. 22, 2023

John Nicholson
Process Server

**Legal Express**
**Nevada License 999/999a**
**911 South 1st Street**
**Las Vegas, NV 89101**
**(702) 877-0200**
Our Job Serial Number: 2020000499
Ref: Myers Hawkins
Service Fee: $143.00

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a