# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MELANIE HAWKINS,<br><br>    Plaintiff(s),<br><br>v.<br><br>AMERICAN RED CROSS, et al.,<br><br>    Defendant(s). | Case No.: 2:21-cv-00069-APG-NJK<br><br>**Scheduling Order**<br><br>[Docket No. 10] |

Pending before the Court is the parties' proposed discovery plan. Docket No. 10.

The presumptively reasonable discovery period is 180 days. Local Rule 26-1(b)(1). The discovery plan seeks to enlarge that period by more than 50% to 275 days. *See* Docket No. 10 at 2. The reasons proffered for that request are not sufficient. First, the discovery plan notes that there will be multiple depositions, including some that may involve out-of-state deponents, and a Rule 35 examination. *See id.* No meaningful explanation has been made, however, as to why those depositions and that examination cannot take place within the presumptively reasonable discovery period. Second, the discovery plan states that the current pandemic "will constrain the parties' ability to complete discovery." *Id.* The mere existence of pandemic-related restrictions is not sufficient justification for an extended discovery period, particularly given that means exist to move discovery forward with appropriate diligence notwithstanding those restrictions. *E.g.*, *Herndon v. City of Henderson*, ___ F. Supp. 3d ____, 2020 WL 7382766, at *8 n.14 (D. Nev. Dec. 16, 2020).[1]

---

[1] With respect to depositions in particular, the Court reminds the parties of the potential for conducting them by remote means. *See* Fed. R. Civ. P. 30(b)(4); *see also Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 210 (D. Nev. 2020) ("courts within the Ninth Circuit routinely highlight remote depositions as an effective and appropriate means to keep cases moving forward notwithstanding pandemic-related restrictions"). Remote depositions may eliminate the need to travel, as well as the need to congregate in one space. *See id.* at 211-12.

1

In short, sufficient justification has not been advanced to enlarge the presumptively reasonable discovery period by more than 50% and the Court will set deadlines based on the default schedule. To the extent scheduling or other issues arise such that the deadlines set herein cannot be met despite reasonable diligence, a request for an extension may be filed and will be evaluated based on the showing made at that time. *See* Local Rule 26-3.

Accordingly, the discovery plan is **DENIED** and deadlines are instead **SET** as follows:

- Amend pleadings/ add parties:  April 20, 2021
- Initial experts:  May 20, 2021
- Rebuttal experts:  June 18, 2021
- Discovery cutoff:  July 19, 2021
- Dispositive motions:  August 18, 2021
- Joint proposed pretrial order:  September 17, 2021, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: February 26, 2021

_____
Nancy J. Koppe
United States Magistrate Judge